# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT BOHINSKI, | DOCKET NUMBER |
|       Appellant, | PH-300A-20-0013-I-1 |
|     v. | |
| DEPARTMENT OF THE NAVY, | DATE: May 31, 2024 |
|       Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert Bohinski</u>, Mount Laurel, New Jersey, pro se.

<u>Kimberly M. Engel</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his employment practices appeal for lack of jurisdiction. On petition for review, the appellant argues that the Office of Personnel Management's (OPM) use of a "closing date" for a vacancy announcement on the Federal employment website, USAJOBS.gov, constitutes an "employment practice" and that the agency failed to comply with it. Petition for Review (PFR) File, Tab 1

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

at 4-5. He also argues that the initial decision contains incorrect statements of fact and that the OPM audits concerning the irregularities with the closing date of the vacancy announcement are incorrect, unfair, and need to be corrected. *Id*. at 5. He appears to reassert his claim that the agency violated the merit system principles by questioning whether "preference or advantage" was given to the selected applicant when the agency failed to comply with OPM's "rules" for the closing date. *Id*. He also argues, for the first time, that the agency engaged in reprisal, and he submits emails between him and an agency official regarding the OPM audits for the first time. *Id*. at 6, 8-12. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge correctly found that the appellant failed to articulate any employment practice that was applied to him that is appealable to the Board and, thus, that he failed to establish Board jurisdiction over his appeal. Initial Appeal File (IAF), Tab 10, Initial Decision (ID) at 8-9; *see* 5 C.F.R. § 300.101 (partially defining "employment practices"). To the extent that he failed to address the appellant's other claims of harmful procedural error and a violation of the merit system principles, the appellant's rights were not prejudiced

because, absent an otherwise appealable action, the Board is without jurisdiction to consider these claims. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (stating that the Board lacks jurisdiction over an appellant's harmful error claim absent an otherwise appealable action); *Neal v. Department of Health & Human Services*, 46 M.S.P.R. 26, 28 (1990) (stating that an appellant's reference to the merit system principles does not establish jurisdiction because they are intended to furnish guidance to Federal agencies and do not constitute an independent basis for legal action); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

The appellant argues for the first time on review that the agency engaged in reprisal. PFR File, Tab 1 at 6. Generally, the Board will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). The appellant has neither asserted nor proven as much. Moreover, the Board is without jurisdiction to consider a reprisal claim absent an otherwise appealable action. *See Winns v. U.S. Postal Service*, 124 M.S.P.R. 113, ¶ 19 (2017) (reaffirming the Board's lack of jurisdiction to consider reprisal claims absent an otherwise appealable action), *aff'd sub nom. Williams v. Merit Systems Protection Board*, 892 F.3d 1156 (Fed. Cir. 2018). If the appellant wishes to pursue an individual right of action appeal on the basis of whistleblower reprisal, he should first exhaust his administrative remedy with the Office of Special Counsel before coming to the Board with that claim.

The appellant also submitted with his petition for review several emails between him and an agency official concerning follow-up inquiries he had about the OPM audits. PFR File, Tab 1 at 8-12. The appellant did not submit these

emails below.  IAF, Tabs 1, 6, 9.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).

The emails submitted by the appellant are dated between September 26, 2019, and October 2, 2019.  PFR File, Tab 1 at 8-12.  The record below closed on or around November 4, 2019.  IAF, Tab 2 at 1, 5.  The appellant has not explained why he was unable to submit these emails prior to the close of the record, nor has he shown that they are of sufficient weight to warrant an outcome different from that of the initial decision.  PFR File, Tab 1.  Accordingly, we have not considered them.  *See Avansino*, 3 M.S.P.R. at 213-14; *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.